**Travis L. BOWSER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–389–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 29, 1982.

Juan P. Gonzalez, Huerta, Beckman, Rodriguez, Gonzalez & Munoz, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of aggravated robbery. The jury assessed punishment at five years' imprisonment. Three grounds of error are alleged.

◼ First, appellant claims the trial court erred in refusing to suppress the in-court identifications of the appellant made by the victims of the crime. We note initially that this ground is multifarious in that appellant asserts two separate infirmities in the identification process. Nevertheless, in the interest of justice, we will address both contentions.

◼ Appellant maintains that the in-court identifications were tainted by prior identifications which violated his sixth amendment right to counsel. The record reflects that the pre-trial identifications resulted from a show-up which occurred when arresting officers drove appellant to the crime scene to be viewed by the robbery victims. The arrest and show-up occurred within a few minutes of the crime and before any charges were brought against appellant. In such an instance, there was no right to counsel. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 36 L.Ed.2d 411 (1972); *Rudd v. State,* 616 S.W.2d 623, 624 (Tex.Cr.App.1981); *Archie v. State,* 615 S.W.2d 762, 764 (Tex.Cr.App.1981).

Even if a "critical stage of prosecution" had been reached so as to afford appellant the right to have counsel present at the show-up, there was no error in allowing the in-court identifications. The victims spent at least ten minutes in close proximity with the robber in excellent lighting conditions. All three victims gave clear, consistent and accurate descriptions of the appellant after the robbery. All were positive in their identifications. The evidence supports the conclusion that the in-court identifications were of independent origin and not tainted by the earlier show-up. See *Thomas v. State,* 605 S.W.2d 290, 292 (Tex.Cr.App. 1980); *Wyatt v. State,* 566 S.W.2d 597, 600 (Tex.Cr.App.1978). With the same reasoning, we reject appellant's contention that the identifications should be suppressed because the prior show-up was unduly suggestive. See *Rudd v. State, supra; Archie v. State, supra.* Ground of error number one is overruled.

◼ In his second ground, appellant complains of error in the trial court's finding that appellant's written confession was voluntary. Appellant apparently contends that the circumstances of his arrest and detention were such that his will was overborn so as to render his statement involuntary. The record simply does not support this contention. The appellant testified that he was held a total of nine days and that after three days he was "willing to do anything" to get out of jail. He also alleged that the officer who took his statement promised to drop other robbery charges against him if he confessed. This testimony was completely rebutted by the testimony of the officer who took appellant's statement. According to his testimony, the appellant confessed on the same day of his arrest and within minutes after being taken before a magistrate. The officer testified that the appellant talked freely, without the need for interrogation, and that no promises were made. The trial judge was the exclusive judge of the credibility of the witnesses at the hearing on voluntariness. His findings will be upheld if supported by the record. *Burks v. State,* 583 S.W.2d 389 (Tex.Cr.App.1979); *McKittrick v. State,* 541 S.W.2d 177 (Tex.Cr.App.1976). We hold that the totality of the circumstances as shown by the record shows that the confession was given voluntarily. See *Berry v. State,* 582 S.W.2d 463 (Tex.Cr.App.1979). Ground of error two is overruled.

In his final ground, appellant argues that his confessions and certain other evidence that was admitted against him should have been suppressed because no *Miranda* warnings were given to him on his arrest. Again, the record is replete with the testimony of arresting officers and the officers who took appellant's statement as to the various times when they read to the appellant his rights. This assertion is completely without merit and is overruled.

The judgment of the trial court is affirmed.