**Travis L. BOWSER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–393–CR.**

Court of Appeals of Texas, Corpus Christi.

March 3, 1983.

Juan P. Gonzalez, Huerta, Beckman, Rodriguez, Gonzalez & Munoz, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was found guilty under the third count of a five-count indictment which charged him with five separate aggravated robberies. The jury assessed punishment at 30 years imprisonment. We affirm.

Ramiro Trevino, Modesta Martinez, and Delphino Prado testified that on the night of January 27, 1981, Mr. Prado, Mr. Trevino, Ms. Martinez and Bertha Abrego were at a restaurant in Corpus Christi, Texas. Shortly after 1:30 a.m., Mr. Prado stepped outside the restaurant and eventually encountered appellant, who put a pistol to his back, robbed him, and held him against his will for some fifteen to twenty minutes. When Mr. Prado's three companions emerged from the restaurant, appellant again exhibited his pistol and demanded Mr. Trevino's money. After Mr. Trevino repeatedly refused the demands, appellant shot him four times and fled.

Throughout his brief, appellant has neglected to identify those portions of the record in which asserted errors occurred; thus, his grounds of error are not in compliance with Article 40.09, Section 9 of the Texas Code of Criminal Procedure. *Bell v. State*, 620 S.W.2d 116 (Tex.Cr.App.1981). However, in the interest of justice we will consider his arguments.

In his first ground of error, appellant challenges the admissibility of the confession made by him while he was in police

custody, contending that it was not voluntarily given.

■ In cases such as this, the totality of the circumstances surrounding the taking of the statement must be examined to determine whether a confession is voluntary. *Berry v. State,* 582 S.W.2d 463 (Tex.Cr.App. 1979); *Farr v. State,* 519 S.W.2d 876 (Tex. Cr.App.1975). "At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of the witnesses." *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App.1980); *Barton v. State,* 605 S.W.2d 605 (Tex.Cr.App.1980). Therefore, in such a hearing the trial court, as trier of fact, is free to believe the State's witnesses and to disbelieve appellant. *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974); *Chivers v. State,* 481 S.W.2d 125 (Tex.Cr. App.1972).

While considering a previous appeal from a conviction under another count of his indictment, this Court ruled against appellant on this issue. *Bowser v. State,* 647 S.W.2d 325 (Tex.App.—Corpus Christi, 1982). However, in the present case, appellant has expanded on his testimony concerning the acts occurring before and during the taking of his confession.

Appellant now contends that the following circumstances show that the statement was made involuntarily: (1) he was denied telephone calls; (2) he was not allowed to see his mother for approximately three days; (3) he was told that he could not leave City Jail until he signed the statement; (4) he suffered severe medical withdrawal symptoms resulting from heroin and valium addiction; (5) medical aid was refused although he was vomiting, sweating profusely and unable to eat; and (6) he was never brought before a magistrate and informed of his rights.

Police Sergeant Stivors testified that appellant was warned of his rights by a magistrate, and the State introduced into evidence a certification signed by Judge J.A. Gonzalez which stated that at 1:44 p.m. on January 30, 1981, appellant was advised of his rights by a magistrate's warning. Sergeant Stivors attributed the making of the

confession to appellant's displeasure with an alleged accomplice who had eluded police custody, and testified that appellant was "quite willing to cooperate"; that appellant did not request a lawyer and expressed no reluctance in giving the statement; that appellant appeared to be healthy, and on the day of the confession did not appear to be under a physical handicap, was not sweating profusely, did not complain about his health, and, to Sergeant Stivor's knowledge, did not request either a doctor or medical treatment; that appellant was not known to be a heroin addict and was not exhibiting withdrawal symptoms; and that no promises were made to appellant in order to obtain his statement. In addition, the State introduced an affidavit signed by both appellant and his attorney which stated that appellant understood and spoke the English language. Sergeant Stivors further testified that appellant was repeatedly warned of his rights during the taking of the confession, and appellant himself admitted signing the typewritten record of his confession.

■ We hold that the totality of the circumstances as shown by the record supports the trial court finding that the confession was given voluntarily; consequently, appellant's first ground of error is overruled. *Harville v. State,* 591 S.W.2d 864 (Tex.Cr. App.1979); *Alonzo v. State,* 591 S.W.2d 842 (Tex.Cr.App.1979); *Riddick v. State,* 624 S.W.2d 709 (Tex.App.—Houston [14th Dist.] 1981).

In his second ground of error appellant claims that the trial court erred by denying his motion to suppress the courtroom identification of him by eyewitnesses to the shooting of Mr. Trevino.

■ Appellant states that Mr. Trevino, the victim of the assailant, incorrectly identified appellant from a photographic spread. This is true; however, Mr. Trevino made an in-court identification of appellant only at the hearing on the motion to suppress identity, at which no jury was present. Later at this same hearing, the trial judge was clearly informed that Mr. Trevino had not

been able to identify appellant from the photographic spread and in fact was never able to positively identify appellant as the man who shot him. At the trial before the jury, Mr. Trevino was not requested to identify appellant and did not do so. Appellant's first argument is without merit.

Appellant then claims injury because Ms. Martinez admitted that, before she was shown the photographic spread, she was told that one of the included pictures would be that of the accused, and that this information was so unnecessarily suggestive that it led to mistaken identification. Appellant cites no authority for his position.

■ A conviction based on eyewitness identification of a defendant at trial and following a pretrial identification by photograph will be set aside for that reason only if the photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Therefore, any claimed violation of due process of law during the conduct of a visual or pictorial confrontation will depend on the totality of the circumstances surrounding it. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Holcomb v. State,* 484 S.W.2d 929 (Tex.Cr.App.1972); *Boykins v. State,* 627 S.W.2d 861 (Tex.App.—San Antonio 1982, no d.r.).

■ Approximately two weeks after Mr. Trevino was shot, Ms. Martinez viewed seven subjects in a photographic layout. Appellant does not question the suggestiveness of the photographs themselves, and the State adduced evidence that the other photographs portrayed people of the same race and approximately the same height, age, weight, and facial characteristics as was appellant. When Ms. Martinez examined the photographs, she selected the picture of someone other than appellant as being the person who shot Mr. Trevino on the night of January 27th. However, at both the hearing on the motion to suppress and at the trial, she positively identified appellant as the assailant. She stated that the photo-

graph of appellant was quite similar to that of the other man, and that she could not tell which photograph more resembled appellant. The witness was fully cross-examined as to her mis-identification and as to the actions of the police officer. Thus, the suggestive nature, if any, of the police officer's comment was rendered harmless by the positive in-court identification of appellant. *Turner v. State,* 614 S.W.2d 144 (Tex.Cr. App.1981); *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App.1972). Appellant's second argument is overruled.

■ Finally, appellant argues that the motion to suppress the identification should have been granted because the witnesses were uncertain of appellant's identity because they "testified that the assault was committed by a young negro (sic) male who was clean shaven ...," while the picture used in the photographic spread showed appellant to have facial hairs.

Ms. Martinez testified that she had been very close to appellant on the night of the crime, that the lighting was sufficient for her to have seen appellant's face, and that he did not have a mustache or goatee. Mr. Prado also identified appellant as the assailant on the night in question. He stated that the area outside the restaurant was lighted and that he could see appellant's face. He and appellant were alone for fifteen or twenty minutes, and stood some two or two and a half feet apart. He also testified that appellant did not have hair on his face. Both Mr. Prado and Ms. Martinez were unequivocal in their insistence that it was appellant who shot Mr. Trevino.

Police Sergeant Lazo testified that the photograph of appellant used in the identification process was taken around the ninth or tenth of February. Proof that appellant had grown facial hair by February 9th does not establish that he had facial hair on January 27th, the day of the crime. Appellant made no attempt to show that he could not have grown the facial hair between the time of the crime and the time the photograph was taken, and we therefore overrule this argument.

Both of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.