Glen Henry **FUGATE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–116–CR.

Court of Appeals of Texas, Corpus Christi.

April 17, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant Fugate was convicted of attempted burglary of a habitation with intent to commit theft. Trial was to the court. Appellant contends that the evidence was insufficient to establish (1) his intent to commit theft and (2) the absence of the owner's effective consent. We affirm.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). Where the trial is before the court without a jury, the trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Bellah v. State*, 653 S.W.2d 795, 796 (Tex.Crim. App.1983); *Ellison v. State*, 648 S.W.2d 727 (Tex.App.—Corpus Christi 1983).

■ In a burglary prosecution, the defendant's subjective, specific intent to commit theft is rarely evident from direct proof. Intent is a fact question which may be established from the circumstances. Property need not be taken for proof of intent to commit theft to be sufficient. *Ortega v. State* 626 S.W.2d 746, 749 (Tex. Crim.App.1981); *Simmons v. State*, 590 S.W.2d 137, 138 (Tex.Crim.App.1979); *Guerra v. State*, 657 S.W.2d 511, 513 (Tex. App.—Corpus Christi 1983, pet. ref'd); *Garcia v. State*, 649 S.W.2d 70, 72 (Tex. App.—Corpus Christi 1982, no pet.); *see also Thompson v. State*, 506 S.W.2d 900, 901–02 (Tex.Crim.App.1974).

■ The owner's lack of effective consent to an entry may also be proved circumstantially, even if the owner testifies. *Taylor v. State*, 508 S.W.2d 393, 397 (Tex. Crim.App.1974); *Watkins v. State*, 643 S.W.2d 788, 789 (Tex.App.—San Antonio 1982, pet. ref'd); *see also Prescott v. State*, 610 S.W.2d 760, 763 (Tex.Crim.App.1981).

■ Armando Reyes testified that he was driving north on Blanco Road in San Antonio on the date of the offense. He was familiar with the residence at 18610 Blanco Road. He knew that the owner was Maggie Fuentes, that she lived there alone, and that she was not at home. It was mid-morning, and a van was parked in front of the residence. Mr. Reyes could see the appellant at the front door, trying to pry the front door open with a pry bar. He could also see that the front gate was chained and locked.

Appellant then "got startled." ·He ran away from the house and jumped the fence. Mr. Reyes stopped him and ordered him to lie on the ground. He searched appellant for weapons, found none, and hailed a passing car to call for assistance. An officer and investigator from the Bexar County Sheriff's Department arrived, as did the owner, Maggie Fuentes. She opened the gate, and a piece of metal was recovered in her yard that was similar to the pry bar Mr. Reyes had seen appellant using on the front door.

Ms. Fuentes testified that she lived on Route 10, Box 88, Blanco Road, on the date of the offense. She was called from work to go to her residence because of an attempted burglary. When she arrived at her residence, Mr. Reyes, the police, and "the one that tried to break in my house" were at her residence. She had locked the doors and the gate when she left the house that morning. She looked at the front door, which looked like somebody had pried on it. She further testified that she did not give appellant consent that day, or ever, to enter her house.

An officer of the Bexar County Sheriff's Department testified that he came to 18610 Blanco Road on the date of the offense and found a pry bar about eight feet from the front door. The door had fresh pry marks on it. He also found "some loose metal and chips" on or near the front door.

We find the evidence of specific intent to commit theft and the evidence that the owner did not consent to appellant's attempted entry of her house sufficient. The judgment of the trial court is affirmed.