David **RAETZSCH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13-87-178-CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1988.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Deanie M. King, Asst. Dist. Atty., Corpus Christi, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant appeals *pro se* from a jury conviction of burglary of a building. The jury, after finding appellant had been previously convicted of two felonies, enhanced and assessed punishment at twenty-five years confinement in the Texas Depart-

ment of Corrections. Appellant's case is before this Court now by reason of a grant of an out-of-time appeal by the United States District Court for the Southern District of Texas. We affirm the judgment of the trial court.

In his first point of error, appellant contends the evidence was insufficient to support the conviction. Specifically, appellant argues that the State failed to sufficiently prove the "without effective consent of owner" element of the crime.

■ In reviewing the sufficiency of the evidence, we will look at all the evidence in the light most favorable to the verdict or judgment and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). Lack of consent is treated as any other issue in a criminal case and may be proven by the use of circumstantial evidence. *Taylor v. State*, 508 S.W.2d 393, 397 (Tex.Crim.App.1974); *Salazar v. State*, 712 S.W.2d 643, 643 (Tex. App.—Corpus Christi 1986, no pet.).

Ben Mayor testified that he owned the Gold Merchant jewelry store and that his business had been burglarized. He stated the shopping center was normally closed to the public from 10:00 p.m. to 10:00 a.m., and that on the day of the burglary he arrived around 9:30 a.m. to find five police officers already inside the premises and his safe missing. Mr. Mayor further testified that he did not know appellant, that he did not give anyone permission to remove the safe from his store, and that the store was locked at the time of the burglary.

■ We find this evidence, considered with other circumstances proven, sufficient to prove appellant did not have consent to enter the business. *See Kirvin v. State*, 575 S.W.2d 301, 303 (Tex.Crim.App.1978); *Fugate v. State*, 709 S.W.2d 29, 30 (Tex. App.—Corpus Christi 1986, no pet.). We overrule appellant's first point of error.

In his second point of error, appellant complains that the trial court abused its discretion in refusing to grant his motion for new trial. Appellant based his motion on newly discovered evidence. Appellant argues that his research since the trial has revealed that the documents admitted at trial regarding cause number 77–416 could not support a conviction, and thus, were improperly admitted into evidence for enhancement purposes in the instant case.

■ A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision should not be disturbed on appeal absent a clear abuse of discretion. *Bolden v. State*, 634 S.W.2d 710, 711 (Tex. Crim.App.1982); *Williams v. State*, 504 S.W.2d 477, 482 (Tex.Crim.App.1974). To show that the court abused its discretion, the record must indicate: (1) that the evidence was unknown to the movant before trial; (2) that his failure to discover it was not due to his want of diligence; (3) that it is probably true and its materiality is such as will probably bring about a different result on another trial; and (4) that it is competent, not merely cumulative, corroborative, collateral, or impeaching. *Bolden*, 634 S.W.2d at 712; *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App.1980).

■ There is no question appellant was aware of his prior felony conviction in 1977 under cause number 77–416 and that the court maintained records concerning his burglary conviction under cause number 77–416. We find the record totally devoid of any indication appellant was precluded from obtaining copies of those documents prior to his 1984 trial on this offense. To the contrary, appellant requested and promptly received copies of those documents in 1986 and testified at a hearing on his motion for new trial that he could have done so anytime between his 1977 conviction and the 1984 trial of the instant case. We conclude both that the evidence was known by appellant prior to trial and that his want of diligence resulted in his failure to discover it. No abuse of the court's discretion has been shown. We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred in admitting

SX–23 into evidence over appellant's timely objection. SX–23 was a criminal pen packet which consisted of certified copies of the judgment, sentence, and the Texas Department of Correction records regarding cause no. 77–416, of which offense the appellant was convicted in August, 1977.

■ Appellant first complains that the judgment and sentence in SX–23 indicates he was convicted of "burglary," but does not specify the type of burglary for which he was convicted. Although the information filed in the above cause alleges that appellant committed the offense of burglary of a habitation, it is obvious that either through plea bargain or lack of proof by the state that the trial court in that cause convicted appellant of the lesser included offense of burglary of a building, a second degree felony. *See Wilson v. State*, 677 S.W.2d 518, 522 (Tex.Crim.App.1984); *see also Jones v. State*, 532 S.W.2d 596, 601 (Tex.Crim.App.1976); *Myers v. State*, 704 S.W.2d 446, 447–48 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Punishment for a second degree felony is confinement in the Texas Department of Corrections for any term of not more than twenty years or less than two years. The punishment set by the trial court was within the range of punishment applicable to a second degree felony. Moreover, there is a presumption of regularity in the court records and appellant failed to overcome that presumption at trial. *Williams v. State*, 605 S.W.2d 596, 599 (Tex.Crim.App.1980); *Madrid v. State*, 595 S.W.2d 106, 108 (Tex.Crim.App. 1979), *cert. denied*, 449 U.S. 848, 101 S.Ct. 134, 66 L.Ed.2d 58 (1980); *Maddox v. State*, 591 S.W.2d 898, 903 (Tex.Crim.App.1979), *cert. denied*, 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980).

■ Appellant also argues that there was no indictment included in SX–23. However, prior convictions alleged for enhancement may be proven by certified copies of the judgment, sentence, and records of the Department of Corrections which include fingerprints of the defendant, supported by expert testimony identifying them with known prints of the defendant. *Jones v. State*, 500 S.W.2d 661, 665 (Tex.

Crim.App.1973); *Perkins v. State*, 628 S.W. 2d 112, 115 (Tex.App.—San Antonio 1981, no pet.); *La Bome v. State*, 624 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981, no pet.). There is no requirement that a charging instrument be included in the evidence admitted for enhancement purposes. Appellant's third point of error is overruled.

In his fourth point of error, appellant contends the trial court erred in admitting appellant's statement into evidence. Appellant argues both that the confession was not voluntarily made and that it failed to comply with Tex.Code Crim.Proc.Ann. art. 38.22, § 2(b) (Vernon 1979).

Appellant first argues the evidence was insufficient to show appellant made the statement voluntarily. Specifically, appellant complains that: (1) he invoked his right to counsel upon arrest and repeatedly requested that he be permitted to communicate with his attorney; (2) he invoked his right to remain silent and that he never initiated any interrogation; (3) he was induced to confess on various promises regarding the setting of his bond; (4) he suffered from drug withdrawals and that he was denied the prescribed medications for his condition; (5) he was placed in the "hole," a holding cell, for over twelve hours; and (6) he was in custody for almost three days before he was finally interrogated.

■ When the voluntariness of a confession is challenged, the totality of the circumstances surrounding the taking of the statement must be examined. *Berry v. State*, 582 S.W.2d 463, 465 (Tex.Crim.App. 1979); *Veloz v. State*, 653 S.W.2d 918, 920–21 (Tex.App.—Corpus Christi 1983, no pet.). The trial judge at the *Jackson v. Denno* hearing is the sole judge of the credibility of the witnesses and he may either believe or disbelieve any of their testimony. *Hughes v. State*, 562 S.W.2d 857, 863 (Tex. Crim.App.1978), *cert. denied*, 439 U.S. 998, 99 S.Ct. 604, 58 L.Ed.2d 674 (1978); *Cammon v. State*, 672 S.W.2d 845, 849 (Tex. App.—Corpus Christi 1984, no pet.).

■ At the *Jackson v. Denno* hearing, the two officers involved in appellant's interrogation substantially denied appellant's assertions above. They further testified that, prior to speaking to appellant, they warned him of his rights and that appellant seemed to understand those rights. The jury was subsequently charged that they were to disregard the confession should they have a reasonable doubt as to the voluntariness of the statement. The court subsequently filed extensive findings to that effect. We find that the trial court did not err in finding appellant's confession was made voluntarily. *Burdine v. State*, 719 S.W.2d 309, 310 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Bowser v. State*, 647 S.W.2d 325, 326 (Tex.App.—Corpus Christi 1982, no pet.).

■ Appellant next complains that the confession did not strictly comply with Tex. Code Crim.Proc.Ann. art. 38.22, § 2(b) (Vernon 1979). Appellant contends that since the voluntary statement did not show on its face that appellant knowingly, intelligently, and voluntarily waived his rights, it should not have been admitted into evidence.

*Penry v. State*, 691 S.W.2d 636, 643 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986) and *Cannon v. State*, 691 S.W.2d 664, 673–74 (Tex.Crim.App.), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1985) indicate that compliance with the statute must appear from the face of the statement. Substantial compliance, however, will suffice. *Penry*, 691 S.W.2d at 643; *Hardesty v. State*, 667 S.W.2d 130, 135 (Tex.Crim.App.1984); *Hobson v. State*, 627 S.W.2d 532, 534 (Tex.App.—Corpus Christi 1982), *aff'd,* 644 S.W.2d 473 (Tex.Crim.App. 1983). We conclude appellant's voluntary statement substantially complies with article 38.22, § 2(b).

The confession that was admitted into evidence is labeled "Voluntary Statement" and on its face shows that appellant was warned of his constitutional rights prior to giving his written statement. These warnings are expressly printed on the statement and are followed by two additional inquiries which appellant both initialed and answered affirmatively: (1) "Do you understand your rights?" (2) "Do you want to give up your rights and make a statement?" In addition, the body of the confession includes the following language:

These rights were read to me before I made this statement. I understand my rights and give them up before and during the making of this statement. No one has threatened me, forced me, or promised me anything to make me give up my rights and make this statement.

Viewing the entire custodial confession, statement of rights, and the waiver given, which were made and signed virtually contemporaneously, we find appellant's statement was made knowingly, intelligently and voluntarily. *Cannon*, 691 S.W.2d at 674; *Williamson v. State*, 679 S.W.2d 523, 527–28 (Tex.App.—Beaumont 1983), *rev'd on other grounds*, 672 S.W.2d 484 (Tex. Crim.App.1984). Thus, appellant's voluntary statement was properly admitted into evidence. We overrule appellant's fourth point of error.

In addition to appellant's counsel's brief, appellant has submitted two supplemental points of error in a *pro se* brief.

Appellant's fifth point of error in his *pro se* brief argues that the trial court erred in failing to properly instruct the jury when a written statement may be considered. Specifically, appellant asserts that he was entitled to a written charge setting forth the language of Tex.Code Crim.Proc.Ann. art. 38.22, § 2(a), (b) in its entirety.

Appellant did not object to the charge at trial on the same grounds as those brought on appeal. At trial, appellant objected that the charge did not instruct the jury on the reasonableness of time elapsing between his arrest and his appearance before the magistrate. On appeal, however, appellant argues the omission of certain provisions concerning the use of the statements against him and his right to terminate the interview at any time. We are, therefore, restricted to the determination of whether the jury charge error was so harmful that appellant was denied a fair and impartial trial in that he suffered egregious harm.

*Arline v. State,* 721 S.W.2d 348, 351 (Tex. Crim.App.1986); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

■ The degree of harm by which an instruction is to be reviewed for fundamental error must be judged in light of the entire jury charge, the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information shown in the record. *Boyett v. State,* 692 S.W.2d 512, 514 (Tex.Crim.App.1985); *Woodard v. State,* 700 S.W.2d 617, 619 (Tex.App.—Corpus Christi 1985, no pet.).

The trial court charged the jury as follows:

> The court has admitted into evidence before you a written statement of the Defendant, and you are instructed that before you may consider the same for any purpose you must first believe from the evidence beyond a reasonable doubt that the same was freely and voluntarily made without compulsion or persuasion by the Defendant and signed by him, and that prior thereto he had been warned by the person to whom the statement was made that he had the right to have a lawyer present to advise him prior to and during any questioning, that if he was unable to employ a lawyer he had the right to have a lawyer appointed to counsel with him prior to and during any questioning, and that he had the right to remain silent and not make any statement and that any statement made could be used in evidence against him at his trial; but if you do not so believe, or if you have a reasonable doubt thereof, then the alleged statement is entirely withdrawn from your consideration and you shall not give the same any force or effect whatever or consider it as any evidence of the Defendant's guilt in this case.

The court's charge substantially complies with Section 38.22, and, after a careful review of the record, this court finds that no fundamental error was committed by the trial court. *Burdine v. State,* 719 S.W. 2d 309, 320 (Tex.Crim.App.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Appellant's fifth point of error in his *pro se* brief is overruled.

■ Appellant's sixth point of error in his *pro se* brief contends the trial court erred in failing to set aside the indictment because the evidence indicated that an unauthorized person was present during the Grand Jury deliberations. However, appellant did not file a motion to quash the indictment and no hearing was held regarding this issue. Where no timely objection was raised either while the grand jury was still impaneled or prior to trial, it is presumed the accused had no ground for objection, and he is barred from raising a challenge at some later time that he could and should have raised in a timely fashion. *Rodriguez v. State,* 597 S.W.2d 917, 919 (Tex.Crim.App.1980), *vacated and remanded on other grounds,* 453 U.S. 906, 101 S.Ct. 3137, 69 L.Ed.2d 991 (1981), *Francis v. State,* 636 S.W.2d 591, 598–99 (Tex.App. —San Antonio 1982, no pet.). Appellant has waived his right to complain on appeal. Appellant's sixth point of error in his *pro se* brief is overruled.

We AFFIRM the judgment of the trial court.