Jesus Garcia SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–412–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 20, 1988.

Reynaldo S. Cantu, Jr., Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Att., Brownsville, for appellee.

Before UTTER, KENNEDY, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

The trial court found appellant guilty of murder and assessed punishment at twenty-five years confinement in the Texas Department of Corrections. We affirm the judgment of the trial court.

By his first point of error, appellant contends the trial court failed to make findings of fact and conclusions of law regarding the admission of appellant's written statement into evidence. Upon motion from the State, we abated the appeal until the trial court could prepare and file its findings and conclusions on the voluntariness of appellant's confession. Inasmuch as we have now received those findings and conclusions from the trial court, appellant's first point of error is now moot. Appellant's first point of error is overruled.

By his second and third points of error, appellant contends the trial court erred in admitting his "voluntary statement" into evidence, because it was taken in violation

of his Fifth and Sixth Amendment rights under the United States Constitution. Specifically, appellant asserts: (1) that he was not warned that he had the right to an attorney prior to and during any questioning; (2) that if he did not have any money to hire a lawyer, that a lawyer would be appointed for him; (3) that he had the right to have the lawyer appointed to advise him prior to and during any questioning; (4) that he was not told that he could terminate the interview at any time; (5) that the State did not show appellant could or did read the warnings; and (6) that the State failed to show that prior to making a statement, that he had been taken before a magistrate.

◼ Our review of the record, however, reveals that the only objection raised at the hearing was that the State "failed to meet the criteria established by the United States Supreme Court under our Constitution in regard to a person knowingly and intentionally waiving his or her constitutional rights." Therefore, we are limited in our review to determine whether appellant knowingly and intentionally waived his constitutional rights under the United States Constitution. *Ross v. State*, 678 S.W.2d 491, 493 (Tex.Crim.App.1984); *Green v. State*, 698 S.W.2d 776, 778 (Tex.App.—Fort Worth 1985, pet. ref'd).

*Miranda* holds that "the defendant may waive effectuation" of the rights conveyed in the warnings guaranteed under the Fifth Amendment of the United States Constitution "provided the waiver is made voluntarily, knowingly, and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *see also Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). To determine whether a defendant has constitutionally waived his rights under the Fifth Amendment it must be shown: first, that the relinquishment of the right was made voluntarily in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception; and second, that the waiver was

made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. *Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986); *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979).

◼ At the *Jackson v. Denno* hearing, two police officers substantially rebutted appellant's assertions above. Officer Santiago Salinas testified that he was present when appellant was read the Miranda warnings from a form in Spanish and that he witnessed appellant signing that form stating that he understood his rights. Officer Antonio Saavedra testified that before speaking to appellant, he read appellant his Miranda warnings in Spanish. Saavedra further testified that appellant told him that he understood his rights and that appellant never exercised any of those rights. Saavedra also stated that he asked appellant to read the form containing Miranda warnings in Spanish, that appellant looked at it, and that appellant then signed it. Saavedra stated that appellant was cooperative when his statement was taken, that no promises or threats were made, and that to the best of his knowledge the statement was freely and voluntarily given. Lastly, Saavedra testified that after he took appellant's statement, he read it back to appellant in Spanish because appellant couldn't read or write in English.

A careful review of the form entitled "Aviso y Renuncio de Derechos" (above mentioned "Miranda" form) reflects that this is both a proper statement and waiver of appellant's Fifth Amendment rights. Moreover, the confession that was admitted into evidence is entitled "Statement (voluntary) of Jesus Garcia Sanchez" and on its face shows that appellant was warned of his constitutional rights prior to giving his written statement. These warnings are expressly printed on the statement and appellant's initials appear by each. Further, this paragraph includes an additional statement that "I understood all of my rights as stated above, and now that I know all my rights, it is my choice to voluntarily give them up freely, intelligent-

ly, and knowingly make the following statement." Lastly, the body of the confession includes the following language:

> I have been read my constitutional rights by Detectives Santiago Salinas and by Detective Antonio Saavedra whom I have given this statement voluntarily of my own free will and without being promised anything in return nor have I been threatened in any way ... I do not understand, read or write in the english language and Detective Saavedra has translated this statement from english into spanish. I have been read this statement and find it to be true and correct to the best of my knowledge and ability.

█ Viewing the entire custodial confession, statement of rights, and the waiver given, which were made and signed virtually contemporaneously, we find appellant's statement was made knowingly, intelligently, and voluntarily in accordance with the Fifth Amendment. *Moran*, 106 S.Ct. at 1142; *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. The trial judge at a hearing on the voluntariness of a confession is the exclusive judge on the credibility of the witnesses and the weight to be given to their testimony; his findings will be upheld if supported by the record. *Vigneault v. State*, 600 S.W.2d 318, 329 (Tex.Crim.App. 1980); *Burks v. State*, 583 S.W.2d 389, 393 (Tex.Crim.App.1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3050, 65 L.Ed.2d 1136 (1980). We hold that the trial judge's findings and conclusions are well supported by evidence adduced at the hearing.

█ Appellant further argues that he did not make a knowing and intentional waiver of his right to counsel under the Sixth Amendment of the United States Constitution. Under that amendment, it is clear that, absent a valid waiver, the defendant has the right to the presence of an attorney during any interrogation occurring after the first formal charging proceeding. *Moran*, 106 S.Ct. at 1145; *U.S. v. Gouveia*, 467 U.S. 180, 187, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984).

█ In this case, appellant's confession was made prior to his indictment. Moreover, appellant was informed of and waived his Fifth Amendment Miranda rights just prior to making his statement. We hold that appellant's Miranda warnings adequately informed appellant of his Sixth Amendment right to counsel and that appellant knowingly and intelligently waived his right to have his counsel present during his interrogation. *Patterson v. Illinois*, —— U.S. ——, 108 S.Ct. 2389, 2394–97, 101 L.Ed.2d 261 (1988); *Moran*, 106 S.Ct. at 1145; *Gouveia*, 467 U.S. at 192, 104 S.Ct. at 2299.

Appellant's second and third points of error are overruled.

By his fourth point of error, appellant contends that the State failed to comply with Tex.Code Crim.Proc.Ann. art. 38.22 because: (1) the State failed to prove that appellant read the statement prior to signing; (2) the State failed to prove that Officer Saavedra read each of appellant's rights secured under Article 38.22 before appellant signed the statement, and that after he explained each of appellant's rights, appellant understood them and thereafter understandingly waived those rights; and (3) page one was not signed by any witness.

The record reveals that appellant's only objection at trial was that "the State failed to meet the criteria outlined in 38 point, I think it's 38.20 or at least it's in regard to the requirements before a written statement of the accused is offered into evidence." Appellant made no attempt at the hearing to show how the State failed to comply with Article 38.22.

█ The failure to make a timely and specific objection at the hearing waives error, if any. *Green v. State*, 682 S.W.2d 271, 275 (Tex.Crim.App.1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Edwards v. State*, 660 S.W.2d 622, 626 (Tex.App.—Corpus Christi 1983, pet. ref'd). However, we have reviewed the record and find no reversible error. *Penry v. State*, 691 S.W.2d 636, 643 (Tex. Crim.App.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Hardesty v. State*, 667 S.W.2d 130, 135 (Tex.Crim.App.1984); *Raetzsch v. State*,

**734**

745 S.W.2d 520, 524 (Tex.App.—Corpus Christi 1988, pet. pending). Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.