Roy Wayne WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–177–CR.

Court of Appeals of Texas, Beaumont.

April 12, 1989.

Deborah Stanton Burke, Beaumont, for appellant.

John R. DeWitt, Tom Maness, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

A jury convicted appellant of aggravated robbery. It also found a prior conviction and assessed his punishment at thirty-five years in the Texas Department of Corrections and a fine of $3,000. Appellant urges three points of error.

Point of error number three alleges "the exercise of peremptory challenges by the state violated appellant's rights under the sixth and fourteenth amendments to the United States Constitution, the equal protection clause and *Batson v. Kentucky*." After voir dire and the exercise of peremptory challenges, appellant objected to the swearing of the jury. Appellant maintained it was proportionately unfair for the state to have exercised three of its six challenges on black venirepersons. The panel had five black members. Appellant exercised a peremptory challenge on one

black juror (it was not a double strike; thus, the venireperson would have been on the jury but for appellant). Consequently, one black person remained on the jury. The court considered appellant's objections and asked the state to respond. The state's attorney stated that one strike was used on a venireperson who the state believed failed to completely give his prior criminal history, that the second strike was used because the venireperson was twenty-three years old and had no family, and that the third strike was used because a member of the venireperson's family had been convicted of robbery.

*Keeton v. State,* 724 S.W.2d 58, 65 (Tex. Crim.App.1987) holds that if a defendant raises an inference of purposeful discrimination through the state's use of its peremptory strikes, then the state must come forward with a neutral explanation. The state argues that appellant did not raise an inference which would merit a determination by the trial judge. We cannot fault the trial court for proceeding in a cautious manner. The second *Keeton v. State,* 749 S.W.2d 861 (Tex.Crim.App.1988) described the role of the trial judge and the appellate court under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). While the trial court did not explicitly state he found no purposeful discrimination, he did find that the state's strikes were properly exercised. Our standard of review is to determine whether, reviewing the evidence most favorable to the trial court's rulings, those rulings are supported by the evidence. We so find and overrule this point of error.

◾ The first point of error complains a pre-trial lineup was violative of appellant's sixth and fourteenth amendment rights to counsel and due process. Appellant filed a motion to suppress, and the court heard the state's witness and continued the hearing until 8:05 the next morning so the defense witnesses could be brought from the jail. Defense counsel did not appear at the appointed time. The court denied the motion but agreed to allow defense counsel "to perfect a bill." A "bill of exceptions" was presented while the jury was deliberating punishment, and at the conclusion, the court again denied the motion to suppress and found "the victim's identification is of independent origin and she should be allowed to testify." The right to counsel does not attach prior to a critical stage of prosecution. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972). Since this charge had not been brought against appellant at the time of the line-up, there was no right to counsel. *Rudd v. State,* 616 S.W.2d 623, 624 (Tex.Crim.App.1981); *Bowser v. State,* 647 S.W.2d 325 (Tex.App.—Corpus Christi 1982, no pet.). Appellant must show by clear and convincing evidence that a complaining witness' in-court identification was tainted by improper pre-trial procedures to make the in-court identification inadmissible. *Jackson v. State,* 628 S.W.2d 446, 448 (Tex.Crim.App.1982). Appellant has not shown any such taint. Also, the witness testified she had ample opportunity to view appellant, and she was unwavering in her in-court identification. The trial court's finding that her identification was of independent origin is supported by the evidence. This point of error is overruled.

◾ The final point of error to consider is point of error number two. Here, appellant asserts the identification evidence was not sufficient as a matter of law. We disagree. The state presented direct eyewitness testimony identifying appellant as the robber. Appellant presented alibi witnesses. The issue was for the jury to decide. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Crim.App.1974). The state's evidence is not rendered insufficient as a matter of law simply because appellant produced contradictory evidence. We overrule this point of error and affirm the judgment.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

The Appellant was a member of a minority race. At voir dire, there were five members on the panel who were of the Appellant's race. Three of the five venirepersons were struck by the State's prosecutor for various reasons and another minority

venireperson was struck by the Appellant. Only one of the five venirepersons was seated on the jury.

The issue before us is whether the prosecutor's strikes violated the rulings in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson, id.* reasoned that where a prosecutor in a criminal trial of a defendant (a member of a cognizable racial group) uses his peremptory challenges against venirepersons of the same cognizable racial group, for no reason or purpose other than because of race; then such practice is enough to establish a prima facie case of purposeful discrimination. In *Batson,* the court established a three step test so as to demonstrate a prima facie case. Once these steps are met the burden shifts to the State to show an articulated racially neutral explanation of the state's peremptory strikes. The trial court in effect found no purposeful discrimination or racially-based challenges in this case.

After the prosecutor's explanation and reasons were given, the Appellant failed to demonstrate the peremptory strikes were not racially neutral. Nor did the accused show that the prosecutor used these strikes to exclude venirepersons from the petit jury from a motive of purposeful racial discrimination.