Pink TURNER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00580–CR.

Court of Appeals of Texas, Dallas.

May 9, 1984.

James K. Johnson, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

ALLEN, Justice.

Pink Turner, Jr. appeals his conviction for aggravated robbery in which the court assessed his punishment at twenty years in the Texas Department of Corrections. Turner contends that the trial court erred in overruling his challenge for cause of a prospective juror in violation of TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(8), Act of June 2, 1969, ch. 412, § 3, 1969 Tex.Gen. Laws 1364, *amended by* Act of May 17, 1983, ch. 134, § 2, 1983 Tex.Gen.Laws 619 (currently TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(9)) (Vernon Supp. 1966–1983). We disagree with the appellant's contention, and therefore, we affirm the judgment of the trial court.

■ During voir dire of the jury panel, appellant's counsel, Jim Johnson, read to the prospective jurors a list of witnesses and requested that they raise their hand if they recognized any of them. Venireman John Arnette recognized the name Jim Bilgere as being the name of a person he knew. The record shows that Arnette had known Jim Bilgere as a participant in the athletic program at his church. Arnette, in answer to questions asked by appellant's counsel Johnson, said that as of that moment he considered Bilgere to be a truth teller. Johnson challenged Arnette for cause. Arnette was examined extensively by the attorneys as well as by the court, with the end result being the court's overruling the challenge. At the time the court overruled the appellant's challenge to Arnette and at the conclusion of voir dire, appellant's counsel requested that the court grant appellant an additional peremptory challenge. The requests were denied. Further, after both the State and defendant had exercised peremptory challenges and before the jury was seated, the appellant again requested that the court grant him an additional peremptory challenge contending that appellant had been compelled to exercise a peremptory challenge on venireman John Arnette who should have been excused by the court for cause, and that due to the use of this peremptory challenge the appellant was being forced to take juror Carl Christian, a juror objectionable to appellant, who appellant would strike if the court granted the additional challenge. The court denied the request. These facts place appellant within the rule laid down in *Wolfe v. State*, 147 Tex.Crim. 62, 178 S.W.2d 274 (1944), and followed in *Hernandez v. State*, 563 S.W.2d 947, 948 (Tex.Crim.App.1978) (*en banc*), which declares that if it can be shown that a venireman was challengeable for cause and that the overruling of the challenge deprived appellant of a peremptory challenge he would have used to strike a named juror who was objectionable to appellant, for whatever reason, the court's refusal to grant appellant an additional peremptory challenge would require a reversal. We must now decide whether the court erred in overruling appellant's challenge for cause of venireman Arnette.

■ TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(8) (currently art. 35.16(a)(9)) requires that a prospective juror be dismissed for cause "if he has a bias or prejudice in favor of or against the defendant." The ruling on challenges for cause is a function of the trial judge. When bias or prejudice is not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such a degree that a prospective juror is disqualified and should be excused. *Anderson v. State*, 633 S.W.2d 851 (Tex. Crim.App.1982). However, when a prospective juror is shown to be biased as a matter of law, he must be excused when challenged, even if he states he can set bias

aside and provide a fair trial. *Williams v. State*, 565 S.W.2d 63 (Tex.Crim.App.1978). Therefore, we can only overturn the ruling of the trial judge if, in light of all the answers given by a prospective juror, bias as a matter of law has been established. *Anderson*, 633 S.W.2d at 854. The "bias" complained of here consists of Arnette's acquaintance with Jim Bilgere, one of the State's witnesses, through athletic activities at his church. Although such knowledge may be the source of existing bias, "The mere fact that a juror knows a witness and is on friendly relations with him is not sufficient basis for disqualification." *Anderson*, 633 S.W.2d at 853; *Allbright v. Smith*, 5 S.W.2d 970 (Tex.Comm'n App. 1928, judgmt adopted). Arnette expressed no bias for or against the appellant Pink Turner, Jr. When appellant's attorney Johnson asked Arnette, "Do you feel at this point that the Jim Bilgere that you know is a truth-teller?" Arnette answered "at this moment, yes." In the lengthy examination of the venireman by both the court and counsel we note the following questions and answers in the record:

MR. JOHNSON: And would you say that you would then, because of that feeling, then place the burden upon the Defendant to come in and show that he was not a truth-teller?

MR. ARNETTE: I'm not looking for anybody to come in and say whether he is a truth-teller or not. I'm going to listen to the facts and determine for myself. You can't make a decision for me. You can't put it in my mind he's a truth-teller or not.

THE COURT: Could you listen to the testimony if he is called by either side and determine in your own mind whether or not that person is credible and whether or not you want to believe what he said?

MR. ARNETTE: Yes.

THE COURT: Would you treat him the same as you would any other witness and listen to the facts that he testifies to and weigh them the same as anyone else?

MR. ARNETTE: That's all I have to go by is the facts and I would weigh them just like anyone else.

MR. JOHNSON: Mr. Arnette, I think you can understand why I would ask that you relate your relationship to the Prosecution witness—because of the possibility there may be a friendship established between you or some family relationship. Do you feel that because of your relationship in the church that you folks attend that you would have a tendency to be quicker to believe him and give him more credibility and more weight to his testimony than you would any other witness?

MR. ARNETTE: I can't tell you for sure. I mean I've never had that happen, so you're asking me to make a prejudgment.

I am saying I will or I started to say I feel like I can make a decision, whether it be Jim or anyone else that I wouldn't know in a fair, honest, open-minded way in the trial on the facts that I've heard. I will make my own decision on that.... all I can say is that I'm not going to believe or disbelieve until somebody opens their mouth and tells me the facts.

MR. JOHNSON: Okay. Now, getting all that aside, do you feel like—still feel like that because you know and have a personal relationship with this fellow, either from your church or a social standpoint or whatever it may be, playing sports with him that you already believe now as you stand here right now that the man is a truth-teller?

MR. ARNETTE: Yes.

MR. JOHNSON: We would submit the juror.

THE COURT: Would you listen to his testimony and weigh his testimony and determine, based on what he says, whether or not you want to believe what he has to say in this case?

MR. ARNETTE: Would I believe it?

THE COURT: Would you listen to him and weigh his testimony as you would any other witness in this case?

MR. ARNETTE: Yes.

THE COURT: You see, the point is that it isn't right that one side or the other would go in with a witness where you're going to believe them no matter what they say.

MR. ARNETTE: I understand what you're getting to and I'm telling you no matter what they say, I'm not going to believe—I see his point. I believe Jim to be a truth-teller now because he has never lied to me. I can't take—I don't have anything else to go by.

THE COURT: Okay.

MR. ARNETTE: But, because of the case or not, I'm going in believing yes, that he is a truth-teller and until I know—until something else is said.

THE COURT: You would listen to his testimony and weigh it as he has said?

MR. ARNETTE: Right. If I believe he's not telling the truth, then I can say and I would say I don't believe he's telling the truth, then I can say and I would say I don't believe he's telling the truth, I think he's lying. But, I don't know that until I hear.

THE COURT: You're telling me you could listen to the testimony and determine in your own mind the credibility of that testimony and determine whether or not you want to believe it and the weight you would give to it?

MR. ARNETTE: Yes.

No bias as a matter of law has been established in this case. The trial record sufficiently supports the trial court's finding that Arnette was not disqualified for bias and prejudice, and its denial of the challenge for cause was not error. Likewise, no error is shown by the trial court's refusal to grant appellant's request for an additional peremptory challenge.

We affirm the judgment of the trial court.