NO. 07-00-0514-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 8, 2002



______________________________




EUGENE SHANNON MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4560; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Eugene Shannon Martinez appeals from his conviction and sentence
pursuant to a plea of guilty to the charge of aggravated sexual assault. We affirm.

 On September 11, 2000, appellant entered a plea of guilty to a charge of
aggravated sexual assault. The trial court heard evidence and accepted appellant's plea. 
Appellant and the State had not entered into a plea bargain. The trial court held a
sentencing hearing on September 28, 2000, heard evidence and sentenced appellant to
confinement for 50 years in the Texas Department of Criminal Justice-Institutional Division
and a fine of $10,000. 

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which an arguably meritorious appeal can be predicated. 
Counsel thus concludes that the appeal is without merit. Counsel has discussed why,
under the controlling authorities, there is no reversible error in the trial court proceedings
and judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has, by letter, likewise advised appellant of his right to
file a response to counsel's Anders brief. Appellant has not filed a response to counsel's
motion and brief.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). The record indicates, among other matters, that appellant was timely indicted,
represented by legal counsel, signed admissions of guilt and written admonishments, and
was orally examined and admonished by the trial judge before the guilty plea was
accepted. The punishment levied was within the range provided by statute. We agree that
the appeal is without merit. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Justice




Do not publish. 


 



ing all of this evidence in the
light most favorable to the jury's verdict, we conclude that it was legally sufficient to support
the jury's finding that appellant committed the offense of driving while intoxicated.

 When reviewing the factual sufficiency of the evidence, we view the evidence in a
neutral light and set aside the verdict only if the evidence supporting the verdict, standing
alone, is too weak to support a finding of guilt beyond a reasonable doubt or if evidence
contrary to the verdict is so strong that the beyond a reasonable doubt standard could not
have been met. See Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex.Crim.App. 2004). If
we conclude that the evidence was factually sufficient to support the verdict, we should
address appellant's main arguments and explain why we are not persuaded by them. See
Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 After reviewing all of the evidence in a neutral light, we conclude that it was factually
sufficient to support the jury's conviction of appellant. Appellant's main arguments contend
(1) that evidence, including the field sobriety tasks, was obtained as a result of a continued
detention which lacked probable cause, (2) and (2) that improper application of the field
sobriety tasks rendered them invalid and, thus, they could not constitute evidence of
appellant's intoxication. We believe that appellant's first challenge goes to the admissibility
of evidence. However, challenges to the admissibility of evidence are not properly raised
in a sufficiency issue. (3) Appellant also contends that, because the field sobriety tasks were
improperly administered, the testimony of Day relating to the field sobriety tasks should
have been given no weight and, thus, should not be considered in determining if the
evidence was sufficient to support the verdict. Unless the record clearly reveals that a
different result is appropriate, we must defer to a jury's determination concerning what
weight to give contradictory testimonial evidence because resolution often turns on an
evaluation of credibility and demeanor, which is primarily a determination to be made by
observation of the witnesses giving the testimony. See Johnson v. State, 23 S.W.3d 1, 8
(Tex.Crim.App. 2000). In the present case, the jury chose to give less weight to appellant's
cross-examination of Day, in which he challenged the reliability of the tasks, than it gave
to Day's direct testimony where he testified, among other things, that appellant failed even
to follow the instructions necessary to perform the tasks. Having considered all the
evidence in a neutral light, while giving appropriate deference to the factual determinations
of the jury, we conclude that the evidence was factually sufficient to support the jury's
verdict.

Issue Two: Challenges for Cause

 By his second issue, appellant contends that the trial court erred in denying three
challenges for cause to venire members that indicated that they believed that the law
should make it a violation for a person to drink any amount of alcohol and then drive a
motor vehicle. (4) 

 Appellant specifically asked the venire panel, "How many of you think that the
drinking and driving statute should be if you have consumed alcohol, period, you should
be in violation of the law?" All three venire members challenged by appellant responded
in the affirmative. Each were individually questioned regarding their views and each
indicated that they could set aside their personal views of what the law should be and follow
the law as it exists. At worst, each of the three venire members gave equivocal responses.

 When a prospective juror expresses a bias or prejudice in favor of or against the
defendant (as opposed to a bias or prejudice against the law), it is not ordinarily deemed
possible for such a juror to be qualified by simply stating that he or she can set aside such
bias or prejudice. See Smith v. State, 907 S.W.2d 522, 530 (Tex.Crim.App. 1995). 
Further, when a prospective juror is shown to be biased or prejudiced against the law, as
a matter of law, the prospective juror may not be rehabilitated and must be excused if
challenged. See Clark v. State, 717 S.W.2d 910, 917 (Tex.Crim.App. 1986). However,
when bias or prejudice are not established as a matter of law, the trial court has discretion
to determine whether any bias or prejudice exists to such an extent as to disqualify the juror
from service. See Nance v. State, 807 S.W.2d 855, 866 (Tex.App.-Corpus Christi 1991,
pet. ref'd). In reviewing a trial court's ruling on a challenge for cause based on bias or
prejudice, the decision of the trial court will not be disturbed absent an abuse of discretion. 
Vaughn v. State, 833 S.W.2d 180, 184 (Tex.App.-Dallas 1992, pet. ref'd).

 In the present case, while appellant contends that the challenged venire members
voiced bias or prejudice against the defendant and were therefore disqualified from service,
we fail to see how appellant's question, which specifically asked the venire panel about
their feelings regarding the law, could have identified any bias or prejudice other than a bias
or prejudice against the law. Appellant does not contend and we do not conclude that the
opinions expressed by the potential jurors constituted bias or prejudice as a matter of law. 
See Clark, 717 S.W.2d at 917; Nance, 807 S.W.2d at 866. All three challenged venire
members agreed that they would follow the law. However, to the extent that appellant
contends that the challenged venire members were equivocal in their agreements to follow
the law, we accord great deference to the trial court's ruling on the rehabilitation of a
challenged venire member because the trial court is in the best position to view the
potential jurors and assess the strengths of their views. See Nichols v. State, 754 S.W.2d
185, 195 (Tex.Crim.App. 1988). Appellant has not established that the trial court abused
its discretion by denying his challenges for cause.

Conclusion

 We affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice



Do not publish. 


 

1. Appellant does not specify whether his issue challenges the legal or factual
sufficiency of the evidence. While we would strongly encourage appellants to identify the
basis of their sufficiency challenges, in the interest of justice, we will interpret appellant's
issue as challenging both the legal and factual sufficiency of the evidence supporting his
conviction.
2. While appellant identifies the applicable legal standard for a continued detention
to be probable cause, the correct legal standard is whether articulable facts existed to
warrant a reasonable suspicion that the detainee has, is, or soon will be engaged in illegal
conduct. See Powell v. State, 5 S.W.3d 369, 377 (Tex.App.-Texarkana 1999, pet. ref'd).
3. Further, appellant's contention, that the continued detention was unlawful and that
any evidence obtained as a result was inadmissible, was not preserved for our review. At
trial, appellant failed to raise any objection to the admission of this evidence. See Tex. R.
App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). However, even
if preserved, Day's testimony that appellant acted normally prior to administration of the
field sobriety tasks does not negate Day's testimony that appellant had the odor of alcohol
on his breath and that his eyes were bloodshot and glassy. We believe that Day articulated
facts that made it reasonable to suspect that appellant was intoxicated, thus justifying the
continued investigation. See Powell, 5 S.W.3d at 377.
4. A person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place. See Tex. Pen. Code Ann. §
49.04(a) (Vernon 2003). "Intoxicated," as applicable to the present case, means not having
the normal use of mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body. Id. § 49.01(2).