NO. 07-04-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 19, 2005

_____

JUAN E. RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;

NO. 2003-482648; HONORABLE DRUE FARMER, JUDGE

_____

Before QUINN, C.J. and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Juan E. Rios, appeals his conviction for driving while intoxicated and his sentence of 180 days incarceration in the Lubbock County Jail.  We affirm.

Background

In the early morning hours of January 5, 2003, Lubbock Police Officer Edward Day observed a vehicle driven by appellant make an unsafe U-turn on 19th Street in Lubbock,

Texas. Day stopped appellant for committing this traffic violation. During the course of the ensuing investigation, Day observed that appellant's eyes were bloodshot and watery and smelled an odor of alcohol coming from appellant. Day had appellant perform three field sobriety tasks. Appellant was unable to complete any of these field sobriety tasks and was arrested for driving while intoxicated. At the police station, appellant refused to give a breath sample for analysis of his blood alcohol level. The State charged appellant with committing the offense of driving while intoxicated.

At trial, during voir dire, appellant challenged three venire members for cause based on their stated beliefs regarding drinking and driving. The State attempted to rehabilitate these venire members and, in each instance, the trial court overruled appellant's challenge. During trial, the State presented the testimony of Day and showed the video of appellant's performance of the field sobriety tasks and subsequent arrest. The jury found appellant guilty of driving while intoxicated and the trial court sentenced appellant to 180 days incarceration in the Lubbock County Jail.

Appellant presents two issues on appeal: (1) that the evidence was insufficient to sustain appellant's conviction,[1] and (2) that the trial court erred in denying appellant's challenges for cause. Concluding that the evidence was both legally and factually sufficient and that the trial court did not err in denying appellant's challenges, we affirm.

---

[1] Appellant does not specify whether his issue challenges the legal or factual sufficiency of the evidence. While we would strongly encourage appellants to identify the basis of their sufficiency challenges, in the interest of justice, we will interpret appellant's issue as challenging both the legal and factual sufficiency of the evidence supporting his conviction.

## Issue One: Sufficiency of the Evidence

In reviewing legal sufficiency, we view all of the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the charged crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Day testified that he stopped appellant after he witnessed appellant perform an unsafe and illegal U-turn. While talking to appellant, Day testified that he smelled alcohol on appellant's breath and saw that appellant's eyes were bloodshot and glassy. These factors led Day to conduct three field sobriety tasks on appellant. Appellant refused or was unable to complete any of these tasks. Viewing all of this evidence in the light most favorable to the jury's verdict, we conclude that it was legally sufficient to support the jury's finding that appellant committed the offense of driving while intoxicated.

When reviewing the factual sufficiency of the evidence, we view the evidence in a neutral light and set aside the verdict only if the evidence supporting the verdict, standing alone, is too weak to support a finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is so strong that the beyond a reasonable doubt standard could not have been met. See Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex.Crim.App. 2004). If we conclude that the evidence was factually sufficient to support the verdict, we should address appellant's main arguments and explain why we are not persuaded by them. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

After reviewing all of the evidence in a neutral light, we conclude that it was factually sufficient to support the jury's conviction of appellant. Appellant's main arguments contend (1) that evidence, including the field sobriety tasks, was obtained as a result of a continued detention which lacked probable cause,[2] and (2) that improper application of the field sobriety tasks rendered them invalid and, thus, they could not constitute evidence of appellant's intoxication. We believe that appellant's first challenge goes to the admissibility of evidence. However, challenges to the admissibility of evidence are not properly raised in a sufficiency issue.[3] Appellant also contends that, because the field sobriety tasks were improperly administered, the testimony of Day relating to the field sobriety tasks should have been given no weight and, thus, should not be considered in determining if the evidence was sufficient to support the verdict. Unless the record clearly reveals that a different result is appropriate, we must defer to a jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony. See Johnson v. State, 23 S.W.3d 1, 8

---

[2] While appellant identifies the applicable legal standard for a continued detention to be probable cause, the correct legal standard is whether articulable facts existed to warrant a reasonable suspicion that the detainee has, is, or soon will be engaged in illegal conduct. See Powell v. State, 5 S.W.3d 369, 377 (Tex.App.–Texarkana 1999, pet. ref'd).

[3] Further, appellant's contention, that the continued detention was unlawful and that any evidence obtained as a result was inadmissible, was not preserved for our review. At trial, appellant failed to raise any objection to the admission of this evidence. See TEX. R. APP. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). However, even if preserved, Day's testimony that appellant acted normally prior to administration of the field sobriety tasks does not negate Day's testimony that appellant had the odor of alcohol on his breath and that his eyes were bloodshot and glassy. We believe that Day articulated facts that made it reasonable to suspect that appellant was intoxicated, thus justifying the continued investigation. See Powell, 5 S.W.3d at 377.

4

(Tex.Crim.App. 2000). In the present case, the jury chose to give less weight to appellant's cross-examination of Day, in which he challenged the reliability of the tasks, than it gave to Day's direct testimony where he testified, among other things, that appellant failed even to follow the instructions necessary to perform the tasks. Having considered all the evidence in a neutral light, while giving appropriate deference to the factual determinations of the jury, we conclude that the evidence was factually sufficient to support the jury's verdict.

Issue Two: Challenges for Cause

By his second issue, appellant contends that the trial court erred in denying three challenges for cause to venire members that indicated that they believed that the law should make it a violation for a person to drink any amount of alcohol and then drive a motor vehicle.[4]

Appellant specifically asked the venire panel, "How many of you think that the drinking and driving statute should be if you have consumed alcohol, period, you should be in violation of the law?" All three venire members challenged by appellant responded in the affirmative. Each were individually questioned regarding their views and each

---

[4] A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. See TEX. PEN. CODE ANN. § 49.04(a) (Vernon 2003). "Intoxicated," as applicable to the present case, means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. Id. § 49.01(2).

indicated that they could set aside their personal views of what the law should be and follow the law as it exists. At worst, each of the three venire members gave equivocal responses.

When a prospective juror expresses a bias or prejudice in favor of or against the defendant (as opposed to a bias or prejudice against the law), it is not ordinarily deemed possible for such a juror to be qualified by simply stating that he or she can set aside such bias or prejudice. See Smith v. State, 907 S.W.2d 522, 530 (Tex.Crim.App. 1995). Further, when a prospective juror is shown to be biased or prejudiced against the law, as a matter of law, the prospective juror may not be rehabilitated and must be excused if challenged. See Clark v. State, 717 S.W.2d 910, 917 (Tex.Crim.App. 1986). However, when bias or prejudice are not established as a matter of law, the trial court has discretion to determine whether any bias or prejudice exists to such an extent as to disqualify the juror from service. See Nance v. State, 807 S.W.2d 855, 866 (Tex.App.–Corpus Christi 1991, pet. ref'd). In reviewing a trial court's ruling on a challenge for cause based on bias or prejudice, the decision of the trial court will not be disturbed absent an abuse of discretion. Vaughn v. State, 833 S.W.2d 180, 184 (Tex.App.–Dallas 1992, pet. ref'd).

In the present case, while appellant contends that the challenged venire members voiced bias or prejudice against the defendant and were therefore disqualified from service, we fail to see how appellant's question, which specifically asked the venire panel about their feelings regarding the law, could have identified any bias or prejudice other than a bias or prejudice against the law. Appellant does not contend and we do not conclude that the opinions expressed by the potential jurors constituted bias or prejudice as a matter of law. See Clark, 717 S.W.2d at 917; Nance, 807 S.W.2d at 866. All three challenged venire

6

members agreed that they would follow the law.  However, to the extent that appellant contends that the challenged venire members were equivocal in their agreements to follow the law, we accord great deference to the trial court's ruling on the rehabilitation of a challenged venire member because the trial court is in the best position to view the potential jurors and assess the strengths of their views.  See Nichols v. State, 754 S.W.2d 185, 195 (Tex.Crim.App. 1988).  Appellant has not established that the trial court abused its discretion by denying his challenges for cause.

Conclusion

We affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.